CORDELL *v.* JONES.

Under the pleadings and evidence in this case the court did not err in granting the interlocutory injunction complained of.

No. 6390.   MAY 18, 1928.

Injunction. Before Judge Hardeman. Candler superior court. November 11, 1927.

*Kirkland & Kirkland,* for plaintiff in error.

*Charles Emory Smith,* contra.

BECK, P. J. T. R. Jones brought his petition against E. C. Cordell, and sought injunction to restrain the defendant from removing any timber from the lands of the plaintiff, other than that which had been cut down upon the land conveyed to the Georgia Power Company in a deed executed on August 5, 1927. The defendant filed his answer. Upon the hearing of the case at chambers, the judge granted an interlocutory injunction.

Under the pleadings and evidence in the case the judge was authorized to grant the injunction complained of. Whether the defendant, under all the evidence, had the right to remove any timber not on the strip of land over which the right of way had been granted to the Georgia Power Company depends upon the proper construction of certain clauses in the conveyance to that company and the bill of sale or contract of sale of the timber from Jones to Cordell. There is no dispute that Cordell had the right, under the bill of sale, to remove the timber cut on the right of way. In the conveyance from Jones to the Georgia Power Company is the following: "T. R. Jones does hereby grant and convey to said company, its successors and assigns, the right to construct from time to time, operate, maintain, and renew electric transmission lines and all telegraph and telephone lines, towers, poles, and appliances necessary or convenient in connection therewith, upon a strip of land one hundred (100) feet in width, as said strip is located by

the final location survey thereof made by the said company, over and across the lands of which it is hereinafter described as being a part, said survey to determine the boundaries of said strip; together with all the rights and privileges necessary or convenient for the full enjoyment or use thereof for the purpose above described, including the right of ingress and egress to and from said strip, and the right to cut and keep clear all trees adjacent thereto which now or may hereafter injure or endanger any of the works on said strip, and the right to install, maintain, and use anchors and guy wires on lands adjacent to said strip. . . It is agreed that part of the within named consideration is in full payment for all timber cut or to be cut in the construction, operation, and maintenance of said transmission lines, timber so cut to remain the property of the owner thereof." Under the last clause, the timber cut by the company for the purposes specified upon the land of the grantor was the property of the latter. Subsequently Jones executed to Cordell a bill of sale. That bill of sale or contract is as follows: "Metter, Ga. Oct. 17, 1927. This is to certify that I have, this the 17th day of Oct., 1927, sold to E. C. Cordell all the timber on the right of way of the Georgia Power Co., through my land, known as the Reedy Creek land. The said timber to be removed from the premises by Nov. 1st, 1927, by the said E. C. Cordell, unless providentially prevented. T. R. Jones."

The judge, construing the bill of sale to Cordell and the conveyance to the Georgia Power Company, held, in substance, that Jones granted to the company a right of way 100 feet in width, which is accurately fixed and described, and that while the grant gives to the company the further right to remove trees, undergrowth, and obstructions adjacent to the right of way, this is "a mere incident to the right of way and grants merely a privilege, but it does not have the effect of extending the boundary of the land granted as a right of way; that this grant was of record at the time of the sale by Jones to Cordell." And the court was further of the opinion that under the terms of the sale the defendant "gets only the timber cut on the right of way, which is 100 feet" in width. We are of the opinion that the judge below properly construed the conveyance to the Georgia Power Company and the bill of sale to Cordell; and under the construction of those contracts he was authorized to grant the injunction.

*Judgment affirmed. All the Justices concur.*